UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| CSX TRANSPORTATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> PORTS AMERICA, INC. and PORT NEWARK CONTAINER TERMINAL, LLC, <br><br> Defendants. | Civil Action No.: <br> 2:13-CV-4434-SDW-SCM <br><br> **OPINION AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT** <br><br> **[D.E. 22]** |

### I.   INTRODUCTION

Before the Court is plaintiff CSX Transportation, Inc.'s ("Plaintiff") motion for leave to amend its Complaint. (Docket Entry ("D.E.") 22). Plaintiff seeks leave to file an amended complaint pursuant to Federal Civil Rules 15(a) and 16(b) to assert two additional claims sounding in contract. Defendants oppose the motion as futile. (D.E. 34). For the reasons set forth below, the motion to amend is granted.

### II.   BACKGROUND

This case involves claims to recover costs incurred in repairing twenty-one railcars damaged while in the alleged

1

possession of Defendants Ports America and Port Newark Container Terminal (PNCT). The damage occurred while the railcars were located at Defendants' rail yard in Port Newark, New Jersey, during Superstorm Sandy in October of 2012. (Complaint, D.E. 1). CSX incurred approximately $214,516.79 in charges to repair damage caused by the flood. CSX's Complaint asserted a breach of bailment and a negligence claim. (Id. at ¶ 21).

The proposed Amended Complaint further alleges:

> 10. In 2002, PNCT and CSX Intermodal, a division of CSX, entered into a Terminal Access Agreement (the "Agreement"), which provides the terms pursuant to which CSX delivers and receives railcars to and from PNCT at the Terminal.
>
> 11. Pursuant to the terms of the Agreement, PN CT is responsible for making sure that all outbound railcars located at the Terminal are "road ready" in accordance with Association of American Railroads ("AAR") and Federal Railroad Administration ("FRA") standards and that PNCT returns railcars to CSX in the same condition that they were received in accordance with AAR Rules.
>
> 12. While the Agreement by its terms expired in 2006, the parties have continued to operate pursuant to the terms of the Agreement with respect to the operation of rail services provided at the Terminal, as if said Agreement had not expired.
>
> 13. Through their course of conduct and performance, the parties have extended the contract and its terms through at least 2012.
>
> 14. The Agreement also contains a "Survival

2

>of Obligations" provision that provides that the "termination of this Agreement shall not ... terminate any right or obligation, which would have continuing relevance after the expiration or termination of this Agreement."
>
>15. In light of the parties continuing to work together in delivering, unloading, and receiving railcars, certain rights and obligations had continuing relevance, such as provisions pertaining to, inter alia, the delivery, removal, loading, unloading, inspection and maintenance of railcars.
>
>16. At all times relevant to this matter, the terms of the Agreement governed the parties' relationship at the Terminal with respect to, inter alia, the delivery, removal, loading, unloading, inspection and maintenance of railcars.

(D.E. 22-2).

### III. **PROCEDURAL HISTORY**

On July 22, 2013, Plaintiff filed a two count complaint against Defendants. (ECF Docket Entry ("D.E.") 1, Plaintiff's Complaint). The pleading asserted claims for breach of bailment and negligence. Defendant filed its answer on September 6, 2013. (D.E. 9, Answer).

On December 20, 2013, the Court entered a pre-trial scheduling order. The Order stated that any "motion to amend pleadings must be filed not later than March 1, 2014." (D.E. 17). Plaintiff, however, filed its Motion to Amend the

3

Complaint on September 3, 2014. (D.E. 22).

The Proposed Amended Complaint contains four counts. (D.E. 22-2, Proposed Amended Complaint). It seeks to add claims for breach of contract and indemnity.

By text order entered October 29, 2014, plaintiff was ordered to supplement its motion "explaining why the proposed amendments are not futile. Defendant will have 14 days from the filing to oppose…." (D.E. 26). Plaintiff filed a supplemental memorandum on November 10, 2014. (D.E. 31). Defendants had another 14 days to oppose and did so. (D.E. 34). Plaintiff then replied. (D.E. 35).

**IV.   DISCUSSION**

This Court will review the pending motion against the standard of Federal Rules of Civil Procedure 15(a), which provides, in relevant part that "[t]he court should freely give leave when justice so requires." However, as noted in the procedural history above, Plaintiff's motion to amend was not made within the time allowed by the Pre-trial Scheduling Order. Thus, the amendment must be balanced against the higher good cause standard. Fed.R.Civ.P. 16(b).

"A finding of good cause depends on the diligence of the moving party. In other words, the movant must show that the

4

deadlines cannot be reasonably met despite its diligence." *GlobespanVirata Inc. v. Texas Instruments, Inc.*, 2005 WL 1638136 (D.N.J. July 12, 2005)(quoting *Rent-A-Center v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y.2003)). The absence of prejudice to the non-movant does not establish good cause. Id.

Nonetheless, a district court has discretion to deny an amendment sought after the deadline for such applications. *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3rd Cir. 2000). "[S]cheduling orders are the heart of the case management [and cannot] be flouted." *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 341 n. 4 (3d Cir.)(quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir.1986)); *U.S. v. Princeton-Gamma-Tech, Inc.*, 817 F.Supp. 488, 497 (D.N.J. 1993). "The reason for this is simple-scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed." Id. (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir.2000)).

Here, CSX contends that "the deadline for amending the pleadings could not be met despite its diligence. While the deadline to amend was March 1, 2014, CSX did not become aware of its possible contract claims until after that date. CSX's decision to seek leave to amend its complaint arises from the

5

deposition testimony of witnesses, all of which occurred after the March 1st deadline." (D.E. 22-1, Pl. Brf at 4).

Furthermore, Rule 15(a) liberally allows for amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and provide that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotations marks omitted).

Under Rule 15, the decision to permit an amendment rests in the sound discretion of the Court. *See id.*; *Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981). The United States Supreme Court has stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *See Foman*, 371 U.S. at 182; *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (stating that "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust"). Stated differently, absent undue delay, substantial prejudice, a dilatory motive or bad faith, leave to amend should be granted unless the proposed amendment(s) would be futile. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

6

Given the fact that Defendants have not suggested any undue delay, dilatory motive, undue prejudice or bad faith by the Plaintiff; and this Court's own review of the record in this case has not revealed any such actions by Plaintiff, the decision on Plaintiff's motion for leave to amend turns on whether the proposed amendments survive a futility analysis.

The proposed Amended Complaint adds the factual allegations set forth above and additional claims against PNCT for indemnity and breach of contract.  There is no effort to state these additional claims against defendant Ports America.

a. **Futility**

The Court may deny leave to amend if the amendment would be futile. *Budhun v. Reading Hosp. and Medical Center*, 765 F.3d 245, 259 (3d Cir. 2014).  "Futility" means that a proposed amendment to a pleading fails to state a claim upon which relief could be granted. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3rd Cir. 1997). A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck*, 133 F.R.D. 462, 468 (D.N.J. 1990) (internal citations and quotations marks omitted). In determining whether an amendment is futile, the Court employs the same standard that is applied under a Rule 12(b)(6)

dismissal for failure to state a claim. *Budhun*, 765 F.3d at 259.

Under a Rule 12(b)(6) analysis, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not necessary to survive a Rule 12(b)(6) motion, but "a [pleader's] obligation to provide the grounds of his entitlement to relief requires more than labels[,] . . . conclusions, and a formulaic recitation of the elements of a cause of action" and demands that the "[f]actual allegations . . . be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal quotation marks omitted).

A two-part analysis determines whether this standard is met. *Fowler*, 578 F.3d at 210 (interpreting *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S.Ct. 1949). First, a court separates the factual and legal elements of a claim. *Fowler*, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the court may disregard any legal conclusions. *Id.*

at 210; *Iqbal*, 556 U.S. at 667 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement") (internal quotations marks and alterations omitted).

Second, a court must determine whether the complaint articulates "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord*, *Fowler*, 578 F.3d at 211. As the Supreme Court instructed in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 667. Although this is not a "probability requirement," the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct" to make a showing of entitlement to relief. *Id*. at 1949-50 (internal quotation marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Finally, while Rule 8(a) establishes a liberal pleading standard that does not require detailed factual allegations,

9

plaintiff is required to state facts - accepted as true at this stage - that are consistent with a legal theory that would entitle relief.

Here, CSX's Amended Complaint alleges enough facts to state a claim to relief for breach of contract and indemnity against PNCT that is plausible on its face. By its express terms within the survival clause, the Agreement's at-issue provisions still apply to the parties' obligations. Based upon the foregoing, CSX has stated viable claims for breach of contract and indemnity against PNCT. (D.E. 35).

### V. CONCLUSION

As discussed above, the proposed pleading states claims upon which relief may be granted. Therefore, for the foregoing reasons, and good cause shown,

IT IS on this day of December 1, 2014,

**ORDERED** that Plaintiff's Motion to Amend (D.E. 22) is **granted**; and it is further

**ORDERED** that Plaintiff shall file its Amended Complaint within the next seven days. Defendants shall file a responsive pleading within 14 days of the filing of the Amended Complaint

as required by Fed.R.Civ.P. 15(a)(3).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

12/1/2014 5:40:29 PM

11